UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LINDA HORTON, INDIVIDUALLY
AND AS EXECUTRIX OF THE
ESTATE OF BARNEY HORTON, JR.

Plaintiff

v.  Civil Action No. 3:25-cv-100-RGJ

GENERAL ELECTRIC COMPANY, ET AL.

Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Linda Horton, individually and as executrix of the estate of Barney Horton, Jr., ("Horton" or "Plaintiff") moves to remand this action. [DE 20]. Defendant General Electric Company ("GE") responded [DE 44], and Horton replied [DE 45]. GE also moves to supplement its Response to Horton's Motion [DE 54] and Plaintiff responded [DE 57]. This matter is ripe. For the reasons below, GE's Motion to supplement [DE 54] is **GRANTED**, and Horton's Motion for Remand Or In The Alternative Motion To Sever, And Request For Attorneys' Fees And Costs [DE 20] is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

On November 21, 2024, the Plaintiff in this action filed a civil lawsuit against General Electric and other defendants in the Jefferson Circuit Court against GE and other defendants.[1] [DE 1]. Horton asserted various Kentucky law claims, including strict liability failure to warn, strict liability design/manufacturing defect, negligent failure to exercise ordinary care, negligent failure

---

[1] The state court case was captioned *Barney Horton, Jr. and Linda Horton v. General Electric Company, et al.*, Civil Action No. 24-CI-008335. [*See* DE 1-2]. On March 19, 2025, Horton filed a notice advising that Barney Horton, Jr. was deceased. [DE 13]. On June 6, 2025, this Court granted Horton's request to substitute Linda Horton, Executrix of the Estate of Barney Horton, Jr., for Plaintiff Barney Horton, Jr., as the proper plaintiff-party to this action. [DE 18].

to warn, negligence per se, personal injuries, loss of consortium, and punitive damages. [*Id.*]. Horton's claims arose from the alleged exposure of Mr. Barney Horton, Jr. ("Mr. Horton") to asbestos-containing materials manufactured, sold, or utilized by General Electric and other defendants. Horton alleged that as a result of such exposures, Mr. Horton suffered "diseases and injuries to his body system, lungs, and respiratory disorders, including malignant mesothelioma." [*Id.* at 35].

During discovery, on January 22, 2025, GE learned that Mr. Horton "served in the United States Navy from 1968 to 1972," including two years of service aboard the "USS Cascade (AD-16)." [DE 1-3]. According to GE's records, the *USS Cascade* contained "one or more General Electric marine turbines." [DE 1 at 5]. Horton also produced documentation of a claim Mr. Horton submitted to the Department of Veterans Affairs for injuries Mr. Horton believed arose from his service. [DE 1-4]. This claim included the following sworn "Statement in Support of Claim":

> I am filing a claim for exposure to asbestos, bilateral hearing loss, and bilateral tinnitus as a result of my military service. I worked as a shipfitter and was exposed to asbestos and hazardous noise as a result of my job in the military. I worked on various ships and frequently worked down in the engine room where it was exposed to hazardous noises coming from the pipe metal shop and the sheet fitter shops.

[*Id.*] Based on these records, GE concluded that "Mr. Horton's sworn testimony is that his asbestos-related injury may have been due in part to exposure to asbestos-containing dust during work related to U.S. Navy turbines manufactured by General Electric pursuant to Navy specifications." [DE 1 at 7].

Counsel for GE subsequently raised the possibility of removal "based on Federal Officer Removal" with Horton's counsel. [DE 20-4]. In response, Horton submitted an affidavit executed by Mr. Horton disclaiming any exposure to asbestos from GE's equipment during his naval career and expressly waiving any claims against Defendants for damages resulting from his time in the

2

Navy. [DE 20-7 ("I am not claiming asbestos exposure to any General Electric turbine, or component thereof, while serving in the Navy. I am not seeking recovery from General Electric, or any defendant in the lawsuit filed in Jefferson County, Kentucky, for any damages related to my service in the Navy.").

On February 20, 2025, GE removed this case to federal court pursuant to 28 U.S.C. § 1442(a). [DE 1 at 3]. With respect to the equipment GE provided to the U.S. Navy, GE asserted that its actions were undertaken "pursuant to government contracts and [it] was acting under an officer or agency of the United States." [*Id.* at 5]. According to GE, removal was required so that GE could raise a "government contractor defense" to Horton's claims arising out of GE's provision of turbines to the *USS Cascade*, as well as to any claims for apportionment from GE's co-defendants based on the same. [*Id.* at 5-8].

On June 6, 2025, Horton filed the First Amended Complaint, which disclaimed and waived "any cause of action or recovery" for the following injuries:

> any injuries caused by or arising out of exposures, of any kind, to asbestos that occurred while Barney Horton, Jr. served in the U.S. Navy. . . [or] that occurred on any U.S. Naval ship or other military vessel, including the U.S.S. Cascade. . . [or] as a result of Barney Horton, Jr.'s work on, or in close proximity to others working on, marine turbines, boilers, generators, and insulation present on any U.S. Naval ship or other military vessel, including but not limited to the U.S.S Cascade.

[DE 19 at 360]. Having waived any claims for damages caused by, or arising from, Mr. Horton's exposure to asbestos while in the Navy, including from GE's equipment on board the *USS Cascade*, Horton moved to remand this action back to state court. [DE 20]. After the parties finished briefing their arguments on Horton's Motion, GE moved to supplement the record with additional exhibits produced in discovery after it filed its Response demonstrating "the history that Mr. Horton gave his medical providers regarding his asbestos exposure history." [DE 54 at 725].

3

## II. STANDARD

The federal officer removal statute permits removal of a state court action to federal court when such action is brought against the "United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof … for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Removal under 28 U.S.C. § 1442(a)(1) is an exception to the well-pleaded complaint rule, and a case can be properly removed even where the federal question does not appear on the face of a plaintiff's complaint. *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) ("Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law.").

Removal is proper under the federal officer removal statute if the removing party: (1) demonstrates that it acted under the direction of a federal officer; (2) raises a colorable federal defense to the plaintiff's claims; and (3) demonstrates a causal nexus between the plaintiff's claims and the defendant's acts performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124–25, 134–35 (1989). To support removal, a defendant is not required to prove the success of a colorable federal defense but only needs to show that the defense is "plausible." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1090 (6th Cir. 2010).

Relevant here, an applicable "federal defense" is the "the government contractor defense" announced in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). *See Bennett*, 607 F.3d at 1089 ("Post-*Boyle*, this affirmative defense—the product of federal common law—became known as the government contractor defense.") In *Boyle*, the Supreme Court held that the "uniquely federal interest[ ]" of "getting the Government's work done" requires that, under certain circumstances, a private contractor must be protected from tort liability associated with its

4

performance of a government procurement contract. *Id.* at 504–05 (citation modified). Under *Boyle*, "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. In failure to warn claims, the *Boyle* test is altered. Government contractors are immune from liability for failure to warn only when "(1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings;" and (3) the contractor warned of dangers that were known to it but not to the government. *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995).

### III.   ANALYSIS

#### A.  Motion to Supplement

As an initial matter, the Court must consider GE's request to supplement its Response to Horton's Motion "to include five additional exhibits containing Mr. Horton's medical records that were recently produced." [DE 54 at 725]. The consideration of motions to supplement ultimately resides with the district court's discretion. *See Duha v. Agrium, Inc.,* 448 F.3d 867, 881-82 (6th Cir. 2006) (noting that the abuse of discretion standard governs review of the denial of motions to supplement). Courts may grant parties leave to file supplemental submissions "in the interests of justice when the proposed submission contains 'new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence' when the original briefs were filed." *Valassis Commc'ns, Inc. v. News Corp.*, No. 13-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015) (quoting *Harshaw v. Bethany Christian Servs.*, No. 1:08-CV-104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010)); *see also Tera II, LLC v. Rice Drilling D, LLC,* No.

5

2:19-CV-2221, 2023 WL 2664415, at *5 (S.D. Ohio Mar. 28, 2023). GE asserts that the records it now seeks to supplement were served by Plaintiff in her Initial Disclosures after GE filed its Opposition brief, and thus, were "not available [to GE] in the exercise of reasonable diligence' when the original briefs were filed." [DE 54 at 725; *Valassis Commc'ns, Inc*, 2015 WL 13050049, at *1 (quoting *Harshaw*, 2010 WL 610262 at *1)].

Because this court has "broad discretion to manage its docket," *see ACLU of Kentucky v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010), and the Sixth Circuit has a "strong preference that claims be adjudicated on their merits," *see Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003), GE's Motion For Leave To Supplement Its Opposition To Plaintiff's Motion To Remand And Motion To Sever [DE 54] is **GRANTED.** The Court finds that the five exhibits provide further support for GE's contention "that Mr. Horton expressly believed that his asbestos exposure arose from his time in the Navy." [*Id.* at 725-26]. But for the reasons explained below, however, the fact of Mr. Horton's exposure in the Navy does not alter the Court's analysis of Horton's Motion.

### B. Motion to Remand

Horton's basis for remand is straightforward. Horton primarily argues that because the First Amended Complaint expressly disclaims any claims related to Mr. Horton's exposure to asbestos during his naval service, GE is unable to satisfy the requirements of removal under § 1442(a)(1). [DE 20 at 385]. Specifically, Horton contends that "[b]ecause GE is not being sued based on acts it took under the color of a federal officer, it cannot assert a colorable [government contractor] defense." [*Id.* at 386].

In response, GE maintains that the government contractor defense is still applicable because "[w]hile Plaintiff may be able to amend her complaint or disclaim a specific *cause of*

*action*, Plaintiff cannot disclaim the *fact* that Mr. Horton submitted a sworn claim to a federal agency stating that Mr. Horton's mesothelioma was 'due to' asbestos exposure during his time in the Navy, which included time in the engine room aboard the *USS Cascade*." [DE 44 at 593 (emphasis in original)]. According to GE, because "Mr. Horton's asbestos exposure in the Navy will be a critical factual issue in the apportionment of fault in this case . . . GE must be allowed to assert its government contractor defense." [*Id.* at 598].

Horton cites a number of cases where federal courts have consistently granted motions to remand based on a plaintiff expressly disclaiming the claims on which federal officer removal was based because defendants could no longer assert a federal defense. [*See* DE 20 at 386]. *See also Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1363–64 (S.D. Fla. 2016) (collecting cases); *Dougherty v. A O Smith Corp.*, No. CV 13-1972-SLR-SRF, 2014 WL 3542243 at *14 (D. Del. July 16, 2014) (same); *Wood v. Crane Co.*, 764 F.3d 316, 321 (4th Cir. 2014) (finding that plaintiffs' disclaimer of damages related to defendants' alleged asbestos-containing valves used in the Navy "effectively preclude[d] any defense based on the valves alone"); *Kelleher v. A.W. Chesterton Co.*, No. 15–CV–893–SMY–SCW, 2015 WL 7422756, at *3 (S.D. Ill. Nov. 23, 2015) (remanding asbestos case where "[i]n the complaint and the notice of disclaimer, [the plaintiff] has made clear statements that his claims [based on asbestos exposure] do not include any work performed while in the military or on military machinery"); *Hayden v. 3M Co.*, Civil Action No. 15–2275, 2015 WL 4730741, at *4 (E.D. La. Aug. 10, 2015) (remanding asbestos case because

plaintiff's "disclaimer eliminates any cause of action related to exposure while [the plaintiff] was in the Navy and the only valid grounds for removal relate to that specific time period").[2]

GE asserts that those cases are distinguishable because, in this case, Mr. Horton "provided sworn statements to the Department of Veterans Affairs to support a claim for monetary compensation based on alleged asbestos exposure in the Navy. . . . These representations and sworn statements – made to a federal agency for the purpose of obtaining compensation –endure and cannot be set aside by simply uttering, 'disclaimed.'" [DE 594 at 43–44]. And, as discussed above, GE also proffers medical records containing references to "Mr. Horton's history of asbestos exposure during his service in the Navy." [DE 54 at 725]. But GE confuses a disputed issue of fact relevant at trial with a disputed issue of law relevant to the Motion before this Court. While Mr. Horton's prior statements about the source of his injuries may be impeachment evidence that create a factual issue for trial, GE does not explain how these statements alter the legal effect of Horton's amended complaint, in which she expressly waives all claims based on alleged asbestos exposure in the Navy. The Court is unaware of any analogous cases, and GE cites none, in which courts have denied a plaintiff's motion to remand even though the plaintiff has waived the claims which provided the basis for officer removal.

---

[2] For further examples, see *Phillips v. Asbestos Corp.*, No. C 13–5655 CW, 2014 WL 794051, at *2 (N.D.Cal. Feb. 26, 2014) (remanding asbestos case because plaintiff "expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels," as this "removes any claims to which military contractor immunity might act as a defense"); *Schulz v. Crane Co.*, No. 2:13–CV–02370–KJM, 2014 WL 280361, at *2 (E.D.Cal. Jan. 23, 2014) ("The court agrees with the several district courts that have found similar waivers in asbestos cases sufficient to justify remand."); *Madden v. A.H. Voss Co.*, No. C 09–03786 JSW, 2009 WL 3415377, at *2–3 (N.D.Cal. Oct. 21, 2009) (disclaimer defeated removal jurisdiction where the disclaimer stated that the "[p]laintiff's claims against [a specific defendant] exclude [the] plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. navy vessels"); *Hopkins v. Buffalo Pumps, Inc.*, 2009 WL 4496053 (D.R.I. Dec. 1, 2009) (determining that the removing defendant could not assert a federal defense to claims of asbestos exposure that the plaintiffs deliberately chose not pursue and granting the plaintiffs' motion to remand).

Indeed, as noted by Horton, the facts of this case are remarkably like the facts of *Frawley v. Gen. Elec. Co.*, where a plaintiff claimed in his discovery responses that he was "exposed to asbestos while working as a civilian employee of the United States Navy." 2007 WL 656857, at *1 (S.D.N.Y. Mar. 1, 2007). There, a husband and wife sought damages from several defendants for injuries caused by the husband's alleged exposure to asbestos. *Id.* at *1. One of the defendants, GE, removed the case under the federal officer removal statute after learning that the husband claimed he was exposed to asbestos while working for the Navy. *Id.* The husband had worked on two ships, "both of which carried asbestos-containing steam turbines built by GE pursuant to government contract." *Id.* Shortly after removal, the plaintiffs amended their complaint to delete all allegations against GE relative to the husband's naval exposure, and filed a motion to remand. *Frawley*, 2007 WL 656857, at *2.

GE opposed the motion, arguing that remand was precluded because its initial removal of the case was proper. *Id.* at *3. GE further argued that it was subject to potential cross-claims from co-defendants seeking contribution on the theory that GE's products were responsible for the plaintiffs' injuries, which "would insert the issue of GE's federal contractor immunity right back into the case." *Id.* at *4.

The court rejected both arguments. The court reasoned that, "[c]ontrary to GE's assertion, . . . a properly removed case can be remanded to the state court after the complaint is amended to remove the allegations that made removal proper." *Id.* at *3 (citing *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988)). The court further explained that "[f]ederal actor removal represents an exception to the usual rule that the existence of a federal defense does not confer federal jurisdiction. But once the plaintiffs' claim against a government contractor is out of the case, it stretches the principle for a federal court to retain the case against the possibility that cross-

9

claims will be pled." *Id.* at *4. Because all the claims over which the court had "original jurisdiction" were removed from the case, the court determined that remand was appropriate and granted the plaintiffs' motion. *Id.* at *5–6. *But see id.* (explaining that remand would be inappropriate if other defendants planned to assert the government contractor defense because the plaintiffs had waived claims against GE only).

*Frawley*'s reasoning applies with equal or greater force to this case because there are no possible claims left against GE to which the federal contractor defense applies. In fact, GE concedes that there is no possibility of cross-claims against GE by any other Defendants for GE's alleged official acts. [DE 44 at 595]. "Rather, GE asserts that because of Mr. Horton's Application and Sworn Statement, GE will be forced to defend against Mr. Horton's Naval exposure to avoid excess liability being apportioned to GE under Kentucky's apportionment statute." [*Id.* at 594]. GE's concerns are misplaced, however, because Kentucky's apportionment statute only permits fact finders to allocate liability for "each claim" in the case. KRS § 411.182.[3] And Horton has removed any claims related to exposure to asbestos resulting from GE's conduct as a government contractor. Thus, there is no "causal relation between the conduct and the damages claimed" on which Kentucky's apportionment statute would permit a fact finder to apportion liability to GE. *Id*.

---

[3] Specifically, the statute provides that "[i]n all tort actions, including products liability actions, involving fault of more than one (1) party to the action" the trier of fact must make the following findings:

> (a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
>
> (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, [and/or] third-party defendant

*Id*. To determine the percentages of fault, the jury must consider "both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed." The court then determines damages awards based on "each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault." *Id.*

To be sure, Defendants (including GE) may seek to admit evidence "that Mr. Horton's mesothelioma was 'due to' asbestos exposure in the Navy." [DE 44 at 594]. This evidence would tend to show that that the Defendants' conduct was not a "substantial factor" in causing the injuries alleged by Horton in the First Amended Complaint—which expressly disclaims "injuries caused by or arising out of exposures, of any kind, to asbestos that occurred while Barney Horton, Jr. served in the U.S. Navy." [DE 19 at 360]. *See Burgin v. Ethicon Inc.*, No. 3:20-CV-111-RGJ, 2023 WL 5985524, at *12 (W.D. Ky. Sept. 14, 2023) (citing *Gonzalez v. Johnson*, 581 S.W.3d 529, 533–34 (Ky. 2019) and explaining that Kentucky subscribes to the "substantial factor test" for causation). Notwithstanding the text of KRS § 411.182, GE speculates that "[Horton's] disclaimer will be meaningless" because "when the jury is ultimately asked to apportion fault for the 'damages claimed,'" the jury will unfairly weigh "Mr. Horton's admission that his mesothelioma is 'due to' his time in the Navy aboard the *USS Cascade*." [*Id.* at 595].

This theory is flawed for several reasons. First, it assumes that the jury would know that GE supplied turbines to the *USS Cascade* and, further, that the jury would find that Horton's exposure to asbestos in the Navy was due to these turbines. There is no reason why the identity of the manufacturer of any asbestos-containing naval equipment would be relevant to this case. The significance of Mr. Horton's alleged naval exposure is not that other tortfeasors were involved, but rather that some or all of his asbestos-related injuries are from exposure to sources other than Defendants' products in the state of Kentucky—the only products for which Horton asserts liability.

Second, and relatedly, it assumes that the state court would be unable to provide an appropriate limiting instruction about the relevance of any GE turbines and the scope of Horton's remaining claims. GE offers no reasons to support this assumption and the Court declines to make

11

it. In the event a jury ultimately finds that Defendants are liable for Horton's claimed injuries, the Jefferson Circuit Court should be able to address any risk of a "fundamentally unfair apportionment of fault" in its jury instructions. And juries are generally presumed to follow their instructions. *See United States v. Johnson*, 803 F.3d 279, 282 (6th Cir. 2015).

Finally, the Court notes that the risk of GE being unfairly apportioned fault for its provision of equipment to the *USS Cascade* is further mitigated by Mr. Horton's affidavit. Mr. Horton's sworn testimony is that he "did not work around any work conducted on turbines during the course of my Naval career." [See DE 1-6]. As noted by Horton, "[i]f Plaintiffs had claimed Naval exposure against GE, it would likely seek dismissal based on Mr. Horton's admission of no exposure to its products." [DE 45 at 674]. That GE chooses to dispute this testimony for the purposes of opposing this motion does not make the risk of unfair prejudice any greater. Nor does it transform Horton's claims based on exposure at GE's Appliance Park in Louisville, Kentucky to claims based on GE's "acts. . . performed at the direction of the federal officer." *Bennett*, 607 F.3d 1088. *See also Hopkins*, 2009 WL 4496053, at *7 (remanding case removed under 28 U.S.C. § 1442(a)(1) because the plaintiffs made it "clear that their claim is limited to specific locations other than [within the Navy]").

Accordingly, because GE cannot assert a colorable federal defense to any of the claims remaining in this case, the Court has no basis to exercise original jurisdiction and therefore remand is required as to all the claims. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22(2025) (holding that a post-removal amendment to a complaint that eliminates any basis for original jurisdiction also divests a federal court of supplemental jurisdiction over remaining state-law claims). *See also Batchelor*, 185 F. Supp. 3d at1364–65 (finding "[the defendant] cannot assert a colorable federal defense based on government contractor immunity because such a defense

12

'pertains to claims that simply do not exist.'"); *Kelleher*, 2015 WL 7422756, at *2 (granting remand because "deny[ing] remand of this case would affirm [the defendant's] right to assert a defense against a claim that does not exist.").

As other courts have observed, in the event that Horton "later attempt[s] to reverse course, and [is] allowed to do so by the state court despite [her] express claim disclaimer, [GE] can seek removal once again." *Dougherty*, 2014 WL 3542243, at *18. As a result, remand to state court is **GRANTED.**

### C. Motion for Fees and Costs

Having determined that remand is appropriate, the Court must now address Horton's request for attorney fees and costs. *See* 28 U.S.C. § 1447(c) ("If at any time it appears that the federal court lacks jurisdiction, however, the case shall be remanded. An order remanding a removed case to state court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") An award of attorney fees and costs on remand requires a finding that a "party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005).

Horton contends that "GE lacked an objectively reasonable factual or legal basis for removal." [DE 20 at 400]. Horton acknowledges that the discovery responses on which GE relied to remove the action to federal court indicated that Mr. Horton "served in the Navy, with a period of his service occurring on the U.S.S. Cascade, and that he believes he had asbestos exposure during his naval service." [*Id.* at 401]. Nevertheless, Horton argues it was unreasonable to remove the case "because there was no factual or legal predicate supporting the need to assert the federal officer defense" after Mr. Horton executed the affidavit disclaiming any exposure from GE's turbines. [*Id.*]

13

GE's justifications were not objectively unreasonable based on the record at the time of removal. Crucially, Horton did not amend her complaint until June 6, 2025, nearly four months after GE filed the Notice of Removal. [*See* DE 19; DE 1]. Accordingly, at the time of removal, Horton's claims against GE were based on "exposure to asbestos containing products manufactured, sold, designed, distributed, constructed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, specified, maintained on property owned or managed, removed, abated, and/or placed into the stream of commerce by the Defendants." [DE 1-2 at 27]. Although portions of the original complaint reference exposure "within the Commonwealth of Kentucky," [*id.* at 25], the allegations are not expressly limited to exposure within Kentucky, and there was certainly no waiver of claims against GE to which the government contractor defense could plausibly apply. Given the circumstances, GE's removal based on 28 U.S.C. § 1442(a)(1) was not objectively unreasonable. *Cf. Batchelor*, 185 F. Supp. 3d at 1365 (finding decision to remove was not unreasonable even where original complaint included express disclaimer of claims such that remand was proper).

Additionally, as the Sixth Circuit has recognized, "it must be possible for defendants to develop relevant case law by removing cases in the absence of precedent." *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 491 (6th Cir. 2013) (citing *Lussier v. Dollar Tree Stores*, Inc., 518 F.3d 1062, 1066–67 (6th Cir. 2008) (affirming denial of fees where removal was sought under a "new statute whose meaning had not yet been fleshed out"); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (same)). Here, although the caselaw overwhelmingly supports remand, this specific issue has not been previously addressed by the Sixth Circuit. The Court therefore does not find that Defendants' removal was so unreasonable as to justify the award of attorney fees or costs. As a result, Horton's request for fees and costs is **DENIED.**

14

## IV.     CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **ORDERS** as follows:

(1) GE's Motion For Leave To Supplement Its Opposition To Plaintiff's Motion To Remand And Motion To Sever [DE 54] is **GRANTED**;

(2) Horton's Motion for Remand Or In The Alternative Motion To Sever, And Request For Attorneys' Fees And Costs [DE 20] is **GRANTED in part and DENIED in part**;

(3) The case is **REMANDED** to Jefferson Circuit Court.

*[Signature]*
Rebecca Grady Jennings, District Judge
United States District Court

October 15, 2025

Cc: Jefferson Circuit Court, Case No. 24-CI-008335